## Industrial Valley Bank and Trust Company v. Miller Realty Development Company, Inc.

*J. Michael Williamson,* for plaintiff.

LIPEZ, P. J., February 8, 1968.—Defendant, a corporation, petitions to open a judgment of $18,553.74. The allegations, consisting of 103 numbered paragraphs with numerous exhibits, sets forth a series of extremely complicated transactions. It appears by its president, a layman. This court, raising the question sua sponte, believes the petition should be refused, because a corporation may not appear and be heard by one who is not an attorney.

It is generally held that since a corporation cannot appear in person it may only do so by an attorney: 9 Fletcher, Cyclopedia Corporations, §4463; 7 Am.

Jur. 2d 46, §6. The United States Supreme Court, as early as 1824, so decided in an opinion by Chief Justice Marshall in Osborn v. President, etc., United States Hall Bank, 9 Wheat 738, 6 L. Ed. 204, and the Federal courts uniformly continue to so hold. See Ashley-Cooper Sales Services, Inc. v. Brentwood Manufacturing Company, 168 F. Supp. 742 (1958); Flora Construction Company v. Fireman's Fund Insurance Company, 307 F. 2d 413 (1962); DeVilliers v. Atlas Corporation, 360 F. 2d 292 (1966). The Third Circuit Court of Appeals as recently as 1966 also so held: Simbraw, Inc. v. United States, 367 F. 2d 373. The State courts, except where there is a contrary statutory provision, generally agree. See Fletcher, supra, and §4217. There is no such statute in Pennsylvania. Our research discloses no Pennsylvania decision.

The Act of March 21, 1806, P. L. 558, 17 PS §1601, provides:

"In all civil suits or proceedings in any court within this Commonwealth, every suitor and party concerned, shall have a right to be heard, by himself and counsel or either of them".

It is clear to us that this act in referring to "himself", means only natural persons and was not intended to cover a purely artificial creature of the law such as a corporation. Our conclusion is in accord with the decision in Simbraw, Inc., where the court held that a Federal statute which provides, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . ." (28 U. S. C. §1654), meant that only natural persons may appear by themselves.

### ORDER

And now, February 8, 1968, the petition for a rule to show cause why the judgment in the above matter should not be opened is refused.